UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, ) ) Plaintiff, ) ) v. ) ) APM MANAGEMENT SERVICE'S, LLC ) et. al., ) ) Defendants. ) | Case No. 4:22-cv-01391-JAR |

**ORDER AND MEMORANDUM**

This matter is before the Court on Plaintiff's motion for expedited discovery, (Doc. No. 29), and Plaintiff's motion for leave to file under seal. (Doc No. 37). This matter concerns the fraudulent diversion of $2,258,274.00 from an escrow account Plaintiff owns to Defendants APM Management Service's, LLC ("APM") and Appelbaum. (Doc. No. 30). The Court previously entered a Temporary Restraining Order in this case freezing the account to which the funds were diverted (the "Fraudulent Account"). (Doc. No. 14). However, after conducting limited expedited discovery with nominal Defendant Bank of America ("BoA"), Plaintiff learned that the majority of the funds had been further divested to other accounts APM and Appelbaum owned, to accounts of various cryptocurrency companies, or withdrawn. (Doc. No. 39). Plaintiff therefore requests leave to serve further requests for production related to these accounts and withdrawals on APM and Appelbaum. (Doc. No. 30).

Courts in this district "consistently" apply a good cause standard when considering motions to expedite discovery. *Monsanto Co. v. Sauceda*, No. 4:10-V-2249 CEJ, 2011 WL 65106, at *1 (E.D. Mo. Jan. 7, 2011). Here, as the further "dissipation of the money…" from

Plaintiff would constitute irreparable harm to Plaintiff's ability to recover for its equitable claims, there is good cause to grant Plaintiff's motion for leave to conduct expedited discovery. *Astrove v. Doe*, No. 22-cv-80614, 2022 WL 2805345, at *4 (S.D. Fla. Jun. 17, 2022). Thus, the Court will grant in part and deny in part the motion, permitting Plaintiff to file its revised requests for production as set forth in (Doc. No. 47), and it will give APM and Appelbaum up to seven days to respond.

Plaintiff also requests leave to file its reply to APM's and Appelbaum's opposition to its motion for expedited discovery under seal. (Doc. No. 37). Local Rule 13.05 governs the sealing of materials filed in civil cases. It requires the proponent of sealing to file a motion for leave to file under seal describing:

> (i) the material or information sought to be filed under seal without disclosing the substance of the material sought to be kept confidential; (ii) the legal grounds for sealing; and (iii) the requested duration for the sealing or, if the proponent requests that the material remain sealed indefinitely, the reasons supporting the request.

E.D. Mo. Local Rule 13.05(A)(4)(a). With the motion for leave to file under seal, the movant is required to file a complete copy of the subject documents under seal and a memorandum stating "the specific legal and factual reasons justifying the sealing." E.D. Mo. 13.05(A)(4)(b).

There is a common-law right of access to judicial records of a civil proceeding. *See IDT Corp. v. eBay,* 709 F.3d 1220, 1222 (8th Cir. 2013). However, the district court has "supervisory control" over the records in a case before it, and the decision to permit a filing under seal is "best left to the sound discretion of" that court. *Flynt v. Lombardi,* 885 F.3d 508, 511 (8th Cir. 2018) (citing *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). The party seeking to file a pleading or document under seal may therefore overcome the presumption in favor of public access to judicial records if that party provides "compelling reasons" for doing so; the protection of trade secrets is one such compelling reason. *See In re*

*Neal,* 461 F.3d 1048, 1053 (8th Cir. 2006) (internal citations omitted); *see also CAA Sports LLC v. Dogra*, No. 4:18-cv-01887-SNLJ, 2018 WL 6696622, at *1 (E.D. Mo. Dec. 20, 2018) (listing cases).  As Plaintiff seeks to protect confidential banking information in its reply, the Court finds there are compelling reasons warranting sealing the reply brief, and it will grant the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to conduct expedited discovery, (Doc. No. 29), is **GRANTED in part** and **DENIED in part**.  Plaintiff may serve its revised requests for production on APM and Appelbaum.  (Doc. No. 47).  APM and Appelbaum shall respond to the requests within seven days, on or before **January 20, 2023**.

**IT IS FURHTER ORDERED** that the preliminary injunction hearing set for January 17, 2023 is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file under seal, (Doc. No. 37), is **GRANTED**.

**IT IS FINALLY ORDERED** that the parties shall submit a joint scheduling plan within twenty-one days, on or before **February 3, 2023**.

Dated this 13th day of January, 2023.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

3