UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22-cv-01391-JAR |
| APM MANAGEMENT SERVICE'S, LLC et. al., | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court on Plaintiff's third motion for expedited discovery, (Doc. No. 48), and Plaintiff's motion for leave to file under seal. (Doc No. 42). This matter concerns allegations of a fraudulent transfer of $2,258,274.00 from an escrow account Plaintiff owns to Defendants APM Management Service's, LLC ("APM") and Appelbaum. (Doc. No. 30). The Court previously entered a Temporary Restraining Order in this case freezing the account to which the funds were diverted (the "Fraudulent Account"). (Doc. No. 14). However, after conducting limited expedited discovery with nominal Defendant Bank of America ("BoA"), Plaintiff learned that the majority of the funds had been further divested to other accounts APM and Appelbaum owned, to accounts of various cryptocurrency companies, or withdrawn. (Doc. No. 39). Plaintiff therefore requests leave to serve further requests for production related to these accounts and withdrawals on the identified banks and cryptocurrency companies. (Doc. No. 48). APM and Appelbaum do not object to this motion. (Doc. No. 55).

Courts in this district "consistently" apply a good cause standard when considering motions to expedite discovery. *Monsanto Co. v. Sauceda*, No. 4:10-V-2249 CEJ, 2011 WL

65106, at *1 (E.D. Mo. Jan. 7, 2011). Here, as the further "dissipation of the money illegally taken" from Plaintiff would constitute irreparable harm to Plaintiff's ability to recover for its equitable claims, there is good cause to grant Plaintiff's motion for leave to conduct expedited discovery. *Astrove v. Doe*, No. 22-cv-80614, 2022 WL 2805345, at *4 (S.D. Fla. Jun. 17, 2022). Thus, the Court will grant in part and deny in part the motion, permitting Plaintiff to file its revised requests for production as set forth in (Doc. No. 47).

Plaintiff also requests leave to file its reply to APM's and Appelbaum's opposition to its motion for expedited discovery under seal. (Doc. No. 37). Local Rule 13.05 governs the sealing of materials filed in civil cases. It requires the proponent of sealing to file a motion for leave to file under seal describing:

> (i) the material or information sought to be filed under seal without disclosing the substance of the material sought to be kept confidential; (ii) the legal grounds for sealing; and (iii) the requested duration for the sealing or, if the proponent requests that the material remain sealed indefinitely, the reasons supporting the request.

E.D. Mo. Local Rule 13.05(A)(4)(a). With the motion for leave to file under seal, the movant is required to file a complete copy of the subject documents under seal and a memorandum stating "the specific legal and factual reasons justifying the sealing." E.D. Mo. 13.05(A)(4)(b). Within three business days of filing the motion for sealing, the movant must file either a redacted copy of the subject documents or a memorandum explaining the specific reasons for the failure or inability to file a redacted document. *See* E.D. Mo. Local Rule 13.05(A)(4)(c). Whichever option the moving party chooses, it must make its filing in the public record. *Id*.

There is a common-law right of access to judicial records of a civil proceeding. *See IDT Corp. v. eBay,* 709 F.3d 1220, 1222 (8th Cir. 2013). However, the district court has "supervisory control" over the records in a case before it, and the decision to permit a filing under seal is "best left to the sound discretion of" that court. *Flynt v. Lombardi,* 885 F.3d 508, 511 (8th Cir.

2

2018)(citing *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). The party seeking to file a pleading or document under seal may therefore overcome the presumption in favor of public access to judicial records if that party provides "compelling reasons" for doing so; the protection of trade secrets is one such compelling reason. *See In re Neal,* 461 F.3d 1048, 1053 (8th Cir. 2006)(internal citations omitted); *see also CAA Sports LLC v. Dogra*, No. 4:18-cv-01887-SNLJ, 2018 WL 6696622, at *1 (E.D. Mo. Dec. 20, 2018)(listing cases). As Plaintiff seeks to protect confidential banking information in its memorandum of support for its motion for entry of a temporary restraining order, the Court finds good cause for Plaintiff to file the memorandum under seal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to conduct expedited discovery, (Doc. No. 48), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file under seal, (Doc. No. 42), is **GRANTED**.

Dated this 19th day of January, 2023.

                                                                        _____
                                                                        **JOHN A. ROSS**
                                                                        **UNITED STATES DISTRICT JUDGE**