**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

FIDELITY NATIONAL TITLE
INSURANCE COMPANY

                      Plaintiff,

v.                                           Case No. 4:22-cv-01391-JAR

APM MANAGEMENT SERVICE'S, LLC,
RICHARD C. APPELBAUM, SARAH JANE
APPELBAUM,

                      Defendants.

**MEMORANDUM IN SUPPORT OF MOTION
FOR PRE-JUDGMENT WRIT OF ATTACHMENT**

    **I.**      **Introduction**

      This matter involves the fraudulent diversion of $2,258,274.00 from an escrow account created and owned by Plaintiff, which contained funds related to a real estate transaction between nonparties to this action.  As alleged in the Complaint, on December 12, 2022, Defendants APM, Mr. Appelbaum, Mrs. Appelbaum, and their agents, representatives, and associates (the "APM Actors") perpetrated the fraud by using spoof email accounts to pretend to act as counsel for one of the non-parties and direct Plaintiff to release the escrow funds to an account held at Bank of America, N.A. ("BOA") in the name of "APM Management Services" (the "Fraudulent Account"). These fraudulent instructions resulted in Plaintiff wiring $2,258,274.00, the exact amount owed to the non-party, to the Fraudulent Account.

      After the escrow funds were transferred into APM's Bank of America account, APM, Richard Appelbaum, and Sarah Appelbaum funneled the escrow funds into numerous other bank

accounts, and then into various cryptocurrency wallets and exchanges.  In the first wave of money transfers, the escrow funds were transferred into accounts at four different banks bearing APM's name, Richard Appelbaum's name, and Sarah Appelbaum's name.  In a second wave of transfers, the APM Actors further dissipated the escrow funds by transferring them into cryptocurrency exchanges.  APM, Richard Appelbaum, and Sarah Appelbaum also squandered the escrow funds through cash transfers, as well as by spending on cars, trips, jewelry, clothes, and restaurants.

As a result, Plaintiff filed their First Amended Complaint asserting, among others things, claims for fraud, RICO, civil conspiracy, and claims for constructive trust over the fraudulently transferred funds. The Court has issued several iterations of injunctive relief in this case in order to prevent the further dissipation of Plaintiff's stolen funds.

Nevertheless, Plaintiff has learned through discovery that as recently as February 23, 2023, Richard Appelbaum had moved $185,000 through two APM bank accounts, into his personal checking account held at CNB STL Bank, and finally into two cryptocurrency exchanges, Coinbase Inc. and Bittrex Inc.

Plaintiff now moves for a pre-judgment writ of attachment pursuant to Federal Rule of Civil Procedure 64 and Missouri law.  The purpose of such a writ of attachment is to preserve (as much as possible) Plaintiff's ability to collect the judgment it seeks to obtain in this case.  For the reasons set forth more fully herein, Plaintiff is entitled to a pre-judgment Writ of Attachment against the property of Defendants.

## II.    Argument

Federal Rule of Civil Procedure 64 provides that attachment is available under the law of the state where the court is located.  Pursuant to Missouri law, a pre-judgment attachment "in any civil action" may be had "at any time pending the suit and final judgment."  §521.130, R.S.Mo.

Attachment provides a plaintiff with an anticipatory method to "impound the assets of a defendant to facilitate the collection of a judgment against him." *State ex rel. Costco Wholesale Corp. v. Hartenbach*, 267 S.W.3d 725, 727 (Mo. Ct. App. 2008).  Under Missouri law, a plaintiff may have an attachment against the property of the defendant in one of several cases, discussed below. §521.010 R.S.Mo.

Plaintiff's belief that attachment is proper is based on the facts as set forth in the First Amended Complaint and the Affidavit of Katherine LaBarge filed in support of Plaintiff's Motion for Pre-Judgment Writ of Attachment and exhibits thereto, which illustrate how Defendants have attempted to conceal the funds they obtained through fraud by spreading that money across numerous bank and cryptocurrency accounts. Plaintiff will not belabor the Court by restating the facts found therein; these facts establish that Defendants' actions have, and will, hinder and delay Plaintiff in recovering the owed amount in the following ways:

(a) Plaintiff has good reason to believe, and does believe, that Defendants are about to remove their property or effects out of this state, with the intent to defraud, hinder, or delay their creditor, Plaintiff, because Defendant has already made repeated transfers of large sums of money to (*inter alia*) cryptocurrency exchanges based outside of the United States with the intent to hinder Plaintiff's attempts to trace the $2,258,274.00 (§521.010(5) R.S.Mo.);

(b) Plaintiff has good reason to believe, and does believe, that Defendants have fraudulently conveyed their property so as to hinder or delay their creditor, Plaintiff, because Mr. Appelbaum has fraudulently conveyed Plaintiff's funds to and from the accounts of APM, Mrs. Appelbaum, and/or others, in an attempt to obfuscate the true owner of the funds in those accounts, which has made tracing the $2,258,274.00 a

resource-intensive endeavor requiring the assistance of experts (§521.010(7) R.S.Mo.);

(c) Plaintiff has good reason to believe, and does believe, that Defendants have fraudulently concealed, removed, and/or disposed of their property so as to hinder or delay their creditor, Plaintiff, because Defendants have repeatedly transferred the ill-gotten funds in order to hide the fraudulently obtained $2,258,274.00 among a series of smaller transactions across multiple accounts, institutions, and currencies (§521.010(8) R.S.Mo.);

(d) Plaintiff has good reason to believe, and does believe, that Defendants are about to fraudulently convey or assign their property or effects so as to hinder or delay their creditor, Plaintiff, because Defendants have already engaged in a pattern of assigning property amongst themselves and others, including fictitious entities, for this very purpose (§521.010(9) R.S.Mo.); and

(e) Plaintiff has good reason to believe, and does believe, that Defendants are about to fraudulently conceal, remove, or dispose of their property or effects so as to hinder or delay their creditor, Plaintiff, because Defendants have already engaged in a pattern of concealing the $2,258,274.00 in fraudulently obtained funds by spreading those funds across numerous accounts and currencies, some of which are foreign currencies/institutions, and because these conveyances, properly characterized as fraudulent, tend to show further contemplated concealment. (§521.010(10) R.S.Mo.).

As such, Plaintiff is entitled to a pre-judgment writ of attachment. *See, e.g., T-Mobile USA, Inc. v. Yoak*, No. 4:10CV02244 AGF, 2012 WL 886827, at *2 (E.D. Mo. Mar. 15, 2012) (writ of attachment pursuant to the fraudulent transfer condition of §521.010(7) R.S.Mo. granted upon

condition that the plaintiff properly deposit a bond); *Moore Auto. Grp., Inc. v. Goffstein*, 301 S.W.3d 49, 51 (Mo. 2009) (referencing a writ of attachment obtained against defendant and her husband in a suit for conversion, constructive trust, fraud, monies-had-and-received, and civil conspiracy); *Enter. Bank v. Magna Bank of Missouri*, 894 F. Supp. 1337, 1344 (E.D. Mo. 1995), *aff'd*, 92 F.3d 743 (8th Cir. 1996) (upholding attachment pursuant to 521.010(5)); *Simmons Hardware Co. v. Fighting The Flames Co.*, 135 Mo. App. 266, 115 S.W. 467, 469 (1909) (explaining that the fifth condition requires intent, but the seventh, eighth, and ninth grounds require only that the consequence of the actions tend to hinder, delay, etc.); *Mathewson v. Larson-Myers Co.*, 217 S.W. 609, 612 (Mo. App. 1919) (explaining that under the tenth condition, "Evidence as to past conveyances or sales is admissible only as same tends to show further contemplated conveyances and to characterize same as being fraudulent.").

Given that the requirements for attachment are met here, the writ must issue. "Issuance of a writ of attachment is mandatory so long as these requirements are satisfied." *Indep. Elec. Supply Inc. v. MC Power Companies, Inc.*, No. 4:22-CV-00304-RK, 2022 WL 2079714, at *1 (W.D. Mo. June 9, 2022) (citing Mo. Sup. Ct. Rule 85.04 ("If the court finds that the facts stated in the affidavit show that the writ of attachment should issue, the writ shall be issued upon compliance with Rule 85.08.") and Mo. Rev. Stat. § 521.030 ("An affidavit alleging any one of the causes set forth in the several subdivisions of section 521.010, in the language of such subsection, shall be held good and sufficient.").

Because the funds obtained from Plaintiff through fraud, and any other funds held in the accounts of Defendants, are either liquid or easily transferable, Plaintiff is concerned that all funds will disappear if they are not attached before the Court renders judgment, just as $1,743,344.13 of the fraudulently diverted funds are no longer accessible (or, apparently, traceable), due to the

conduct of Defendants. Plaintiff is therefore entitled to a pre-judgment attachment against the assets of each of the Defendants pursuant to §521.010(5), (7), (8), (9), and (10),.

**III.    Conclusion**

For the forgoing reasons, Plaintiff Fidelity National Title Insurance Company prays that its Motion for Pre-Judgment Writ of Attachment be granted in its entirety and that a Writ of Attachment be issued forthwith.

Dated: May 3 2023                                  Respectfully Submitted,

**LEWIS RICE LLC**

By:  /s/Jacqueline K. Graves
John B. Greenberg, #MO40242
Jacqueline K. Graves, #MO64875
600 Washington Ave. Suite 2500
St. Louis, Missouri, 63105
Telephone:  314-444-7600
Fax:  314-612-7675
jgreenberg@lewisrice.com
jgraves@lewisrice.com

**FOX ROTHSCHILD, LLP**

By:  /s/  John A. Wait
John A. Wait, admitted pro hac vice
101 Park Avenue, 17th  Floor
New York, NY 10018
Tel: (212) 878-7900
Fax: (212) 692-0940
jwait@foxrothschild.com

*Counsel for Fidelity National Title*
*Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2023, a copy of the foregoing was
electronically via the CM/ECF System and served on all counsel of record.

/s/ Jacqueline K. Graves