**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>APM MANAGEMENT SERVICE'S, LLC, RICHARD C. APPELBAUM, SARAH JANE APPELBAUM,<br><br>Defendants. | Case No. 4:22-cv-01391-JAR |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION
FOR PRE-JUDGMENT WRIT OF ATTACHMENT**

Defendants make no legal arguments against attachment and instead make reference to unsupported and irrelevant facts and advance inapposite arguments. Accordingly, the Motion for Pre-Judgment Writ of Attachment should be granted

**I.    Plaintiff is entitled to the requested relief, and Defendants do not argue otherwise.**

Pursuant to Missouri law, "[t]he plaintiff in any civil action which shall have been commenced by summons, and without original attachment, may, at any time pending the suit and before final judgment, sue out an attachment in such action, on filing an affidavit and bond, as required in cases of original attachment." §521.130 R.S.Mo. Plaintiff commenced this suit by summons. Therefore, it may seek an attachment in this action at any time pending suit and before final judgment. Defendants do not—and cannot—make any argument against the timing of Plaintiff's attachment.

Further, a plaintiff "may have an attachment against the property of the defendant, or that of any one or more of several defendants," in any one or more of the fourteen specific situations specified under Missouri law. §521.010 R.S.Mo. "An affidavit alleging any one of the causes set forth in the several subdivisions of section 521.010, in the language of such subsection, shall be held good and sufficient." §521.030 R.S.Mo. Plaintiff's Affidavit states that the affiant, an Officer for Plaintiff, has good reason to believe, and does believe, in the existence of five of the Section 521.010 situations (Doc. #119-1, Affidavit of K. LaBarge at ¶ 46). Such "shall be held good and sufficient." §521.030 R.S.Mo. Plaintiff's Affidavit also provides the Court with evidence supporting that belief. Defendants have not argued against the existence of any one of the five enumerated situations of Section 521.010 in this case, nor could they.

The affidavit must meet technical requirements, as well. Specifically, it must: (1) be made by the plaintiff or some person for him; (2) state that plaintiff has a just demand against defendant; (3) state the amount which affiant believes plaintiff ought to recover, and (4) state that affiant has good reason to believe, and does believe, in the existence of the situations outlined in Section 521.010 which entitle plaintiff to attachment. §521.060 R.S.Mo. Plaintiff has met all of these requirements. Specifically, Plaintiff's Affidavit: is made by someone on behalf of Plaintiff (an Officer of Plaintiff); states that Plaintiff has a just demand against Defendants (Doc. #119-1, Affidavit of K. LaBarge at ¶ 4); states the amount Plaintiff ought to recover (*id.*); and states that Plaintiff has good reason to believe, and does believe, in the existence of five of the Section 521.010 situations (*Id.* at ¶ 46). Defendants do not—and cannot—argue that any technical aspect of Plaintiff's Affidavit is deficient.

Finally, a party seeking attachment must post a bond. §§521.050, 521.070-521.090 R.S.Mo. Plaintiff has stated that it is prepared to post a bond in an amount set by the Court. (Doc.

#120 at ¶ 6; Doc. #119-1, Affidavit of K. LaBarge at ¶ 51). Defendants do not raise any argument or objection related to the required bond.

If the requirements for attachment are met, then the writ **must** issue. *Indep. Elec. Supply Inc. v. MC Power Companies, Inc*., No. 4:22-CV-00304-RK, 2022 WL 2079714, at *1 (W.D. Mo. June 9, 2022) ("Issuance of a writ of attachment is mandatory so long as these requirements are satisfied.") (citing Mo. Sup. Ct. Rule 85.04 ("If the court finds that the facts stated in the affidavit show that the writ of attachment should issue, the writ shall be issued upon compliance with Rule 85.08.") and §521.030 R.S.Mo. ("An affidavit alleging any one of the causes set forth in the several subdivisions of section 521.010, in the language of such subsection, shall be held good and sufficient.")). Defendants make no argument that the requirements of the attachment remain unsatisfied. Because Plaintiff has met all of the requirements for attachment, the writ must issue.

## II. A Writ Should Issue As to Mr. Appelbaum and APM.

Defendants have not contested "attaching any account or any property which can be traced to the wire transfer." (Doc. #127 at 5). However, appealing to "fairness," Defendants argue that "assets which [Mr. Appelbaum] or his wife have accumulated outside of the wire transfer should not be so encumbered." (*Id.* at 5-6) Defendants specifically ask that "the"[1] bank account at First Community Credit Union remain unencumbered because that account "is how the Appelbaum's meet their daily living expenses, and hopefully a good portion of anticipated medical expenses. It would be unjustified and unfair to attach this bank account." (*Id.* at 6).

Defendants provide no law for the proposition that they may pick and choose what property will or will not be attached. On the contrary, Missouri law provides:

> Under an attachment, the officer shall be authorized to seize, as attachable property, the defendant's account books, accounts, notes, bills of exchange, bonds, certificates of deposit, and other evidences of debt, as well as his

---
[1] Plaintiff is aware of multiple accounts at First Community Credit Union.

> other property, real, personal and mixed, and any and all judgment debts of the defendant, as well where the judgment or judgments may exist in the court out of which such writ may issue, as where the same may exist in any other court within the jurisdiction of the court out of which such writ may issue; but no property or wages declared by statute to be exempt from execution shall be attached, except in the case of a nonresident defendant, or of a defendant who is about to move out of the state with intent to change his domicile.

§521.240 R.S.Mo. Defendants make no argument that this unspecified First Community Credit Union account, or any other property allegedly "accumulated outside the wire transfer," is exempt from attachment by statute or otherwise beyond the reach of attachment. It is not.

In fact, Plaintiff flatly rejects the implicit binary classification of property that Defendants advance. Specifically, Defendants attempt to classify all property as either that "which can be traced to the wire transfer" and that "which he or his wife have accumulated outside of the wire transfer." (Doc. #127 at 5). Plaintiff will not agree that the property that has not or cannot be traced to the fraudulent wire transfer should be free of attachment. No such limitation appears in the statute; on the contrary, the statute allows attachment of Defendants' "property, real personal and mixed" without reference to that property's provenance. §521.240 R.S.Mo. *See also Indus. Loan & Inv. Co. v. Missouri State Life Ins. Co.*, 222 Mo. App. 1228, 3 S.W.2d 1046, 1048 (1928) ("Referring to the second general clause ["as well has his other property, real, personal and mixed"] it is apparent that the general words there used were never intended to be restricted by the proceeding particular words relating to evidences of debt.").

Attachment to this property is necessary, as explained in Plaintiff's Motion and attendant exhibits: Defendants have already moved $1.6 million of Plaintiff's money through various financial accounts, institutions, and exchanges. Plaintiff continues to uncover accounts, institutions, and currencies into which Plaintiff's money has been deposited or exchanged. Plaintiff has good reason to believe, and does believe, that Defendants are about to dissipate more of

4

Plaintiff's money, including by funneling it into newly opened accounts; old accounts yet to be discovered; or otherwise laundered into accounts that might otherwise have no connection to Plaintiff's money. Attachment to Defendants' property, whether traceable to the fraud at issue here or not, is necessary in order to ensure satisfaction of any future judgment against Defendant.

With that said, Plaintiff understands that the Appelbaums must be able to carry on their day to day living expenses. However, as the Court is aware, similar statements were made regarding the Appelbaums' account with Regions Bank when the Plaintiff obtained a Preliminary Injunction. Accordingly, it is unclear which account the Appelbaums are using to carry on their day to day living expenses. Plaintiff will agree not to attach a "living account", provided that, as part of the on-going discovery in this case, Defendants identify specifically which account(s), agree to produce monthly statements of the account(s), and said statements reflect that the funds are being used to meet the Appelbaums' living expenses. Again, at this time, it is unclear what account(s) Defendants propose to designate as a "living account." Until an account(s) is properly identified, Plaintiff makes no agreement regarding any account.

Finally, the Court should completely disregard Defendants' argument, made solely through uncorroborated statements by Mr. Appelbaum's counsel, that Mr. Appelbaum is a victim in this case. In taking this position, Mr. Appelbaum is attempting to rebut Plaintiff's evidence with mere argumentation. Yet, there is no question that the evidence demonstrates Mr. Appelbaum had possession of Plaintiff's money and dissipated the vast majority of those funds. Moreover, if Defendants wish to contest Plaintiff's evidence supporting its belief that five of the Section 521.010 situations exist, the law provides a method of doing so: "fil[ing] a motion to dissolve the attachment, verified by affidavit, putting in issue the truth of the facts alleged in the affidavit on which the attachment was sued out." §521.410 R.S.Mo. Defendants can then present *evidence* to

attack the evidentiary grounds of the attachment. Certainly, no evidence of Mr. Appelbaum's purported defenses has been provided to the Court as of this date. Instead, Plaintiff has good reason to believe, and does believe, that Mr. Appelbaum and APM are about to dissipate more of Plaintiff's money in one way or another; therefore, an attachment should issue.

### III. A Writ Should Issue As to Mrs. Appelbaum

After referencing the pending motion to dismiss the Amended Complaint as against Mrs. Appelbaum, Defendants' entire argument as to her is as follows:

> Now, in the Affidavit of Kathleen LaBarge, used to support Plaintiff's motion for a writ, there are 51 different paragraphs. Mrs. Appelbaum is mentioned only in one. And, that paragraph, Paragraph 29, only references that she and her husband had a joint account at Regions Bank—but nothing alleging she took any action related to the funds from the wire transfer.
>
> Mrs. Appelbaum submits Plaintiff is grossly unfair and unjustified attempting to attach any of her property or belongings prior to the Court ruling on her motion to dismiss.

(Doc. #127 at 2). Rather than make any attempt to rebut Plaintiff's argument, again, solely through the uncorroborated statements of her counsel, Mrs. Appelbaum simply throws herself at the Court's mercy, asserting that attachment against her would be unfair and unjustified prior to ruling on the Motion to Dismiss. In doing so, however, Defendants inadvertently make Plaintiff's point: Mrs. Appelbaum owns property, including both her Regions Bank account and her residence into which Plaintiff's stolen money has been funneled. As pled in the Amended Complaint, Mrs. Appelbaum is not a bystander to the fraud in this case—she is a participant. And as set forth in Plaintiff's Memorandum and supporting Affidavit, Plaintiff has good reason to believe, and does believe, that Mrs. Appelbaum is in possession of Plaintiff's property, and that she, whether alone or in conjunction with her husband, is about to dissipate Plaintiff's property in one of the five circumstances of §521.010 R.S.Mo. pled by Plaintiff. A writ of attachment should issue against her property.

6

## IV. Conclusion

In short, Defendants make no attempt to legally rebut Plaintiff's argument that attachment is proper under §§521.010(5), (7), (8), (9), and (10), instead appealing to "fairness". Because the funds obtained from Plaintiff through fraud are either liquid or easily transferable, Plaintiff is concerned that all funds will disappear if they are not attached before the Court renders judgment, just as $1,743,344.13 of the fraudulently diverted funds are no longer accessible (or, apparently, traceable), due to the conduct of Defendants. Plaintiff is entitled to a pre-judgment attachment against the assets of each of the Defendants pursuant to §521.010(5), (7), (8), (9), and (10). Plaintiff therefore prays that its Motion for Pre-Judgment Writ of Attachment be granted in its entirety and that a Writ of Attachment be issued forthwith.

Dated: May 9, 2023               Respectfully Submitted,

                                 **LEWIS RICE LLC**

                                 By: /s/Jacqueline K. Graves
                                 John B. Greenberg, #MO40242
                                 Jacqueline K. Graves, #MO64875
                                 600 Washington Ave. Suite 2500
                                 St. Louis, Missouri, 63105
                                 Telephone: 314-444-7600
                                 Fax: 314-612-7675
                                 jgreenberg@lewisrice.com
                                 jgraves@lewisrice.com

                                 **FOX ROTHSCHILD, LLP**

                                 By: /s/ John A. Wait
                                 John A. Wait, admitted pro hac vice
                                 101 Park Avenue, 17th Floor
                                 New York, NY 10018
                                 Tel: (212) 878-7900
                                 Fax: (212) 692-0940
                                 jwait@foxrothschild.com

                                 *Counsel for Fidelity National Title Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of May, 2023, a copy of the foregoing was electronically via the CM/ECF System and served on all counsel of record.

                                 /s/ Jacqueline K. Graves